JUSTICE TRIEWEILER
concurring and dissenting.
¶116 I concur with the majority’s resolution of issues numbered one through six. I dissent from the majority’s resolution of issue seven. I would vacate the damage award and remand to the District Court for further determination of damages in light of the District Court’s decision to order approval of the plaintiffs application pursuant to § 76-3-625(2), MCA.
¶117 While I agree with the discussion of the damage law set forth in the majority Opinion, I disagree that there was any rational basis on which the jury could determine reasonable damages in this case without knowing the ultimate outcome of the plaintiffs appeal from the City’s denial of its preliminary plat application. In other words, whether the City’s arbitrary and capricious denial was a final decision or was going to be vacated by the District Court would have a substantial impact on the actual damages sustained by the plaintiff. As the following instructions indicate, the jury was led to believe the denial was final.
¶118 In Instruction No. 12, the jury was instructed as follows:
11. On April 15, 1999, the Council held a special meeting and denied the Application for Preliminary Plat Approval. The Council’s denial of the Application for Preliminary Plat Approval constitutes a final action, decision or order. Mont. Code Ann. § 76-3-625. [Emphasis added.]
¶119 In Instruction No. 13, the jury was again instructed that:
You are instructed that the City of Red Lodge’s September 10, 1997, conditioned approval, January 12, 1999 approval of the Subdivision Improvement Agreement and April 15, 1999 denial are final actions, decisions or orders. [Emphasis added.]
¶120 In Instruction No. 24, the jury was given the following advice regarding damages:
If you find the City acted arbitrarily or capriciously, then you should award Kiely Construction such sum as you believe will reasonably and fairly compensate it for any damages it has *90 sustained, and is reasonably certain to sustain in the future, as a result of the September 10, 1997 conditional approval, the January 12, 1999 approval of the Subdivision Improvements Agreement and/or the April 15, 1999 denial.
The damages must be just and have a reasonable basis in the evidence. The damages need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork. Recovery cannot be denied for damages simply because they are difficult to determine. [Emphasis added.]
¶121 The jury awarded the following damages:
Nature of Damages Amount
Lost investment value $100,000
Property devaluation 80,000
Costs expended 15,000
Lost future investment 97,170
TOTAL $292,170
¶122 While there may have been an evidentiary basis for awarding some of these damages whether the effects of the City Council’s decisions were permanent or only temporary, there is no way to know whether the jury’s verdict was based on its assumption that the damages were temporary or permanent. Confusion about the meaning of the jury verdict is compounded by Instruction No. 36 in which the jury was instructed that if it found a violation of 42 U.S.C. § 1983, Kiely was entitled to damages for “[t]he reasonable value of the investment income lost and which will be lost in the future, property devaluation and out-of-pocket expenses.” However, the jury was also instructed in No. 36 that “[i]f you find for Kiely Construction on its 42 U.S.C. § 1983 claim, but you find that Kiely Construction has failed to prove actual damages, you shall return an award of nominal damages not to exceed $1.00.”
¶123 The jury did find for Kiely on its 1983 claim but apparently found that it had not proven actual damages for investment income lost, property devaluation and out-of-pocket expenses. Therefore, it returned a verdict for violation of Kiely’s civil rights in the amount of one dollar. The jury’s failure to find damages for violation of Kiely’s civil rights is totally inconsistent with its earlier determination that he had sustained specific losses for those elements of damage due to the City’s arbitrary and capricious denial of his preliminary plat application.
*91 ¶124 After considering all of the circumstances, I would conclude that the jury’s damage verdict was uninformed and necessarily speculative because of the posture of the case when the damage issue was submitted to the jury and the subsequent relief granted to Kiely which necessarily mitigated much of the damage on which the jury’s verdict may have been based.
¶125 There is no way to know from the record whether the District Court took into account the extent to which Kiel/s actual damages were mitigated by its subsequent relief. Following the jury’s award of damages, but prior to the District Court’s judgment granting Kiely conditional approval, the City argued that any remedy granted by the District Court pursuant to § 76-3-625(2), MCA, other than denial, should result in a reduction of the damage award. However, the District Court did not address or appear to consider this issue in its Findings of Fact, Conclusions of Law and Order.
¶126 For these reasons, I concur in part with the majority Opinion but dissent from that part of the Opinion which affirms both the jury’s award of damages and the refusal of the District Court to reduce those damages in light of its affirmative relief granted to the plaintiff pursuant to § 76-3-625(2), MCA.
JUSTICE LEAPHART joins in the foregoing concurrence/dissent.